IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GINO RICCELLI, #30229-068   *
          Petitioner
v.   *   CIVIL ACTION NO. JKB-12-2481

C.F. CARAWAY, WARDEN FCI   *
          Respondent.
                       ***

## MEMORANDUM

On August 20, 2012, petitioner, who is a U.S. Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution at Cumberland, Maryland ("FCI-Cumberland"), filed a 28 U.S.C. § 2241 petition for habeas corpus relief, seeking to expunge a disciplinary finding, to have his 41 days of forfeited good conduct time ("GCT") restored, and to be released from confinement.[1] He claimed that he was denied the minimal due process required under *Wolff v. McDonnell*, 418 U.S. 539 (1974). Petitioner complained that the disciplinary sanction is invalid because it was based on a proceeding that denied him the testimony of a specific witness (Tim Goode) "necessary for accurate and complete development of the record in connection with an incident report." ECF No. 1. He further alleged that he was denied the introduction of significant evidence (urine test results) to establish his innocence.[2]

On October 31, 2012, respondent filed a motion to dismiss or in the alternative for summary judgment. ECF No. 3. Petitioner filed an opposition and respondent filed a reply thereto. ECF

---

[1] According to the BOP inmate locator, petitioner's current calculated release date is August 2, 2013.

[2] Petitioner claims that he was admitted to the Residential Drug Abuse Treatment Program ("RDAP") and was furloughed to a community corrections halfway house when, in May of 2012, he was informed that a breathalyzer tested positive for alcohol. He was removed from the halfway house and returned to FCI-Cumberland. ECF No. 1.

Nos. 5 & 8. Subsequent to the filing of respondent's summary judgment motion, the parties filed a flurry of non-dispositive motions.[3] The court has reviewed the petition and briefing and finds that an oral hearing is not necessary. See Local Rule 105.6 (D. Md. 2011). For reasons to follow, the petition shall be dismissed.

The BOP has the authority to provide for the protection, instruction, and discipline of all persons convicted of offenses against the United States. See 18 U.S.C. § 4042(a)(3). The rules for inmate discipline are promulgated under 28 C.F.R. §§ 541.1-541.8 and provide exhaustive review. If staff believe that a violation of a BOP regulation has been committed by an inmate, an incident report is prepared and the inmate is provided a written copy of the charges, ordinarily within 24 hours of the time staff become aware of the inmate's alleged involvement in the incident. See 28 C.F.R. §§ 541.5(a) & (b)(2).

An investigating officer reads the charges to the inmate and requests a statement from the inmate, advising him of his rights. After completion of the investigation, materials are forwarded to the Unit Disciplinary Committee ("UDC") for an initial hearing, which is ordinarily conducted within 5 working days. See 28 C.F.R. §§ 541.7. The inmate is entitled to be present at the hearing except during the deliberations of the decision makers or when institutional security would be jeopardized by the inmate's presence, and he may make a statement and present documentary evidence on his own behalf. *Id.*

---

[3] Petitioner filed an original and supplemental motion for leave to admit new evidence, in which he claims that documentation and witnesses requested at his hearing were denied. ECF Nos. 9 & 11. On January 15, 2013, respondent submitted a motion to withdraw evidence, seeking to withdraw his motion for summary judgment and to have the case referred back to the BOP to consider administrative relief. ECF No. 10. At first, petitioner had no opposition to the motion. ECF No. 12. He did, however file additional motions for immediate injunctive relief, asking the court to rule on the substantive merits of his claims. ECF No. 13 and 17. Respondent filed opposition responses. ECF No. 15 & 18. Petitioner has filed a reply. ECF No. 19. For reasons to follow, the various motions shall be denied as moot.

After considering all of the evidence presented at the hearing, the UDC makes a decision based on some facts and, if there is conflicting evidence, based on the greater weight of the evidence. *See* 28 C.F.R. § 541.7. If the UDC finds the inmate committed the prohibited act or a similar act if reflected in the incident report and determines that the violation is serious and warrants consideration for non-minor sanctions, the UDC refers the charges to the Discipline Hearing Officer ("DHO") for further proceedings with a brief statement of the reasons for the referral, without indication of findings as to the commission of the alleged violation. *See* 28 C.F.R. §§ 541.7 & 541.8. If referred to the DHO, the UDC forwards copies of all relevant documents to the DHO with a brief statement of the reasons for the referral, along with any recommendation for appropriate disposition if the DHO finds the inmate committed the act(s) charged. *See* 28 C.F.R. § 541.8. The UDC advises the inmate of his rights to be afforded at the hearing before the DHO and asks the inmate to indicate a choice of staff representative, if any, and the names of witnesses he wishes to be called to testify at the hearing and the nature of the testimony they are expected to provide. *Id.*

When appearing before the DHO, the inmate is entitled to (1) make a statement and present documentary evidence; (2) submit the names of requested witnesses and have them called to testify; and (3) present documents on his behalf. *See* 28 C.F.R. § 541.8. Witness testimony and documentary evidence may be presented, provided the calling of witnesses and disclosure of documents does not jeopardize prison or inmate security. *Id.*

The DHO considers all evidence presented at the hearing and bases his or her decision on at least some facts, and if there is conflicting evidence, on the greater weight of the evidence. *See* 28 C.F.R. § 541.8(f). The DHO makes a determination as to whether or not the inmate committed the charged act(s) or similar act(s) if reflected in the incident report and prepares a record of the proceedings which need not be verbatim. *See* 28 C.F.R. §§ 541.8(h). The record documents the

advisement of the inmate's rights, the findings and decision of the DHO, and the specific evidence relied on by the DHO, and includes a brief statement of the reasons for the sanctions. *See* 28 C.F.R. § 541.8(h)(1)-(5). A written copy of the DHO's decision and disposition must be provided to the inmate. *Id.*

In reliance on petitioner's base file and the declaration of DHO Schneider, respondent Caraway contends that petitioner's due process rights were not violated during his adjustment review process. The following information was provided.

On May 27, 2012, while residing on home detention status monitored by a Renewal, Inc. Re-Entry Center ("RRC") in Pittsburgh, Pennsylvania, petitioner was given an alcohol detection test with a handheld breathalyzer which detected the presence of alcohol above prescribed BOP minimum levels. The first test registered a positive reading of .025. The second test registered a reading of .022. The third test registered a reading of .020. ECF No. 4, Ex 1, Schneider Decl. at Attachment C. As a result of the breathalyzer tests, petitioner was charged with a Code 112 offense, to wit: use of any narcotics, marijuana, drugs, alcohol, intoxicants or related paraphernalia not prescribed for the individual by the medical staff.[4] He received the incident report authored by Timothy Goode, the community corrections off-site monitor at petitioner's RRC on May 28, 2012. *Id.*

Petitioner offered an explanation for the positive test results, such as his use of an inhaler immediately before the tests.[5] *Id.* On May 30, 2012, petitioner received notice that his offense

---

[4] This prohibition is set out at 28 C.F.R. § 541.3.

[5] Respondent claims that petitioner never discussed or got approval for the use of the over-the-counter inhaler from his case manager while residing at Renewal, Inc.'s RRC. ECF No. 4, Schneider Decl. Attachment J.

4

would be heard by the Disciplinary Committee ("Committee") and was also informed of his rights at the Committee hearing. ECF No. 3, Ex 1, Schneider Decl. at Attachments D & E. He indicated that he wanted to have a staff representative.

On May 30, 2012, the hearing occurred. *Id.*, Ex 1, Schneider Decl. at Attachment G. The Committee found that petitioner had committed the prohibited acts and cited to the incident report, the resulting investigation, the RRC residential agreement, and petitioner's signed notice regarding urinalysis policy. In light of its finding, the Committee recommended the loss of all appropriate GCT. The Committee chairperson explained the reasoning in the report, which petitioner read and signed.[6] *Id.*, Ex 1, Schneider Decl. at Attachment H. Petitioner was found to have committed the prohibited offense. That finding was substantiated by DHO Schneider, who on June 21, 2012, sanctioned petitioner with the loss of 41 days of GCT. *Id.*, Ex 1, Schneider Decl. at Attachment G.

Petitioner appealed the DHO finding to the BOP Northeast Regional Office. On July 19, 2012, he was instructed to resubmit the appeal to the Mid-Atlantic Regional Office. It was resubmitted and rejected on technical grounds on July 31, 2012. He was instructed to resubmit his appeal in proper form within 10 days. According to respondent, petitioner did not file any further administrative remedies regarding the DHO finding. ECF No. 3, Ex. 2, Owens's Decl.

Respondent argues that the petition is subject to dismissal for the failure to exhaust administrative remedies required under 42 U.S.C. § 1997e. In the alternative, they assert that he received all due process to which he was entitled under *Wolff* and the decision was based upon some evidence in the record.

---

[6] Respondent notes that on January 6, 2012, petitioner had read and signed the notice regarding urinalysis testing, which states that the resident understands that he may not use any Vicks or Benzedrex inhaler while residing at Renewal, Inc.'s RRC. ECF No. 4, Ex. 1, Schneider Decl., Attachment I.

5

In his original petition, petitioner readily admits he did not exhaust his administrative remedies. ECF No. 1. In his opposition response, he contends that he was subject to sexual harassment by a Renewal, Inc. employee and the case manager supervisor verbally abused him and threatened him. He states that immediately after he complained about the case manager supervisor he was given the breathalyzer tests by Goode, who would not show him the test results or log the test results in any book. ECF No. 5. He asserts that he was not allowed to call witnesses or to present document evidence into the record at the Committee hearing. Petitioner also alleges that he continued to proceed "in a good-faith effort" to file administrative remedies and he is not responsible for exhausting his remedies because it would not provide him the ability to allow new evidence into the record. Petitioner further contends that respondent's affirmations are based, in part, on the fraudulent document of Clarissa Owens. He claims that information presented to the CDC and relied on by the DHO was incomplete as it did not mention the negative urinalysis result from May 27, 2012, or the testimony of Goode. *Id.*

In his reply, respondent again asserts that petitioner has failed to exhaust his administrative remedies and his futility argument is not persuasive. ECF No. 8. He states that proper exhaustion would permit the BOP to correct any existing errors. Respondent additionally argues that Owens's declaration was not fraudulent and petitioner's assertions with regard to the additional steps he maintained in September and October 2012 to exhaust his remedies are irrelevant, as the court must evaluate non-exhaustion at the time the petition is filed, not when considering dispositive motions. Finally, Caraway argues that even if relevant, the additional remedy steps taken by petitioner do not satisfy exhaustion requirements as petitioner did not resubmit his submission to the regional office within 10 days as requested. ECF No. 8. Lastly, respondent asserts that petitioner's substantive due process arguments have no merit when analyzed under *Wolff. Id.*

Analysis

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the inmate. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The Prison Litigation Reform Act's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *see also Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

7

Petitioner did not complete the appeal to either the Regional Office or the Office of the General Counsel of the BOP. Respondent has shown, through the submission of declarations and petitioner's records, that petitioner has not fully exhausted his administrative remedies and that he concedes his failure to exhaust his administrative remedies. Petitioner does not refute this claim, but raises a futility argument, which the court finds unpersuasive. The requirement for exhaustion of administrative remedies can be either statutorily or judicially imposed. Statutory exhaustion requirements are mandatory, while the judicial, or common-law, exhaustion doctrine is discretionary and includes a number of exceptions. *See Beharry v. Ashcroft*, 329 F.3d 51, 56-57 (2d Cir. 2003). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court expressly found that Congress had statutorily mandated exhaustion under 42 U.S.C. § 1997e(a) and "we will not read futility or other exceptions into statutory exhaustion requirements...." *Id.* at 741. The petition may be dismissed for non-exhaustion.

Even if exhaustion had been accomplished, petitioner's claim would nevertheless fail. Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections. These include (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a

written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

The court finds that the disciplinary process associated with petitioner's institutional charge meets the aforementioned minimum due process procedural requirements. He received advance written notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the hearing. Petitioner's protestations to the contrary, the documentation illustrates that he asked for a representative, who entered an appearance at the hearing, and he was given the opportunity to call witnesses, but did not do so. In addition, while petitioner claims that the Committee should have looked at the breathalyzer logs as part of the hearing record, there is no obligation for it to do so. Moreover, while the urinalysis test result conducted several hours later was not entered into the record, the urinalysis used at petitioner's RRC does not test for the presence of alcohol, only for controlled substances. Further, a written statement was issued as to the evidence relied on to find that petitioner violated Code 112 and the statement offered specific reasons why the sanction was imposed.[7]

---

[7] Based upon the additional filings by petitioner after respondent filed his dispositive motion, it appears that the BOP afforded petitioner a second disciplinary hearing on February 5, 2013. ECF No. 14. He was likewise dissatisfied with the process afforded him at this hearing. *Id.*

Finally, substantive due process is satisfied in this context if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[8]

The proceedings before this court are not a retrial of the incidents, and the undersigned finds that the decision was based upon "some evidence." DHO Schneider affirms that in finding some evidence to sustain the Code 112 charge, he considered all evidence considered by the Committee (incident report, resulting investigation, petitioner's notice of the prohibited acts under BOP and Renewal, Inc.'s policies). These constitute "some" facts upon which the DHO was entitled to rely in finding petitioner guilty of the Code 112 violation.

Insofar as petitioner claims that the disciplinary charge and punishment occurred in retaliation for his verbal complaints against Renewal, Inc. staff, the court finds that petitioner has failed to prove the required elements of a constitutional claim of retaliation. While retaliation against an inmate for the exercise of a constitutional right states a claim, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), petitioner "[b]ears the burden of

---

[8] The role of the district court is not to afford a *de novo* review of the DHO's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision.... ." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). To state a claim for retaliation, petitioner must demonstrate (1) the invocation of a constitutional right; (2) the intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation, *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). There is no constitutional entitlement to participate in a prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A constitutional claim of retaliation is not supported.

For the aforementioned reasons, the court concludes that petitioner failed to fully exhaust his administrative remedies and that his May 2012 disciplinary hearing process comported with due process. The DHO decision shall stand. Respondent's dispositive filing, construed as a motion for summary judgment, shall be granted. Habeas relief shall be denied. A separate Order follows.

DATED this 9 day of May, 2013.

BY THE COURT:

James K. Bredar
United States District Judge

11